In re TANNER'S TRANSFER & STORAGE OF VIRGINIA, INC., Debtor.

TANNER'S TRANSFER & STORAGE OF VIRGINIA, INC., Plaintiff,

v.

Walker FLORANCE, Executor of the Estate of Elam L. Tanner, Jr., deceased and Walker Florance, Attorney-at-Law and Partner of Florance, Gordon & Brown and Florance, Gordon & Brown and John W. Keiter and Carol Keiter[1], Defendants.

Bankruptcy No. 80–00465.
Adv. No. 80–0122.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

May 19, 1983.

See also Bkrtcy., 22 B.R. 24.

John F. Ames, Richmond, Va., for debtor.

Donald M. Schubert, Goddin, Major, Schubert & Hyman, Richmond, Va., for John W. and Carol Keiter.

William D. Bayliss, Browder, Russell, Morris & Butcher, Richmond, Va., for Walker Florance, Executor, Walker Florance, Attorney-at-Law, and Florance, Gordon & Brown.

MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

This Memorandum Opinion supplements the Court's bench ruling of April 18, 1983.

Defendants herein raised affirmative defenses to a complaint filed originally by the debtor on November 6, 1980. The debtor subsequently converted its bankruptcy case from a Chapter 11 reorganization to a Chapter 7 liquidation, and the Trustee in Bankruptcy has maintained the cause of action. On July 21, 1982, this Court dismissed the initial complaint for failure to state a claim for relief but granted leave to file an amended complaint. Defendants now have raised similar affirmative defenses to the amended complaint. In essence,

1. This Court dismissed Carol Keiter as a defendant on January 18, 1982.

these defenses amount to a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and will be so treated by the Court.

Such a motion tests the legal sufficiency of the complaint, and in considering it the Court must treat all material allegations in the Complaint as admitted. In addition, the Court may draw any reasonable inferences from the factual allegations. 2A *Moore's Federal Practice,* ¶ 12.08, p. 2266–74 (1983). The complaint should not be dismissed for insufficiency "*unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*" *Id.* at 2274, (emphasis in original). In addition, pleadings are to be liberally construed, and lack of detail or clarity is not a ground for granting the motion. *Id.* at 2274–85.

Count I alleges that defendant Walker Florance was the administrator of the estate of Elam L. Tanner, Jr., deceased. In this capacity, Florance operated the decedent's business, Tanner's Transfer and Storage. Later, still as administrator of the decedent's estate, Florance was both an incorporator and, for a time, the sole and controlling stockholder of the debtor. Count I further alleges that during this period Florance, through his operation of the business, incurred and knew of but failed to pay or ensure payment of certain federal and state tax liabilities. Count I further alleges that Florance "drew documents purporting" to shift those tax liabilities to the debtor corporation.

Count I also alleges that defendant John W. Keiter was an employee of the business hired by Florance and that Keiter later was an officer of the debtor corporation. Count I states that defendant Keiter was convicted "as a responsible party" for failing to pay taxes owed by the business and that said failure to pay the taxes was willful.

As to the defendant law firm, Florance, Gordon & Brown, Count I alleges that defendant Florance is a general partner in the firm and that the firm is responsible as a matter of law for the actions of its partner.

Count I further alleges that defendants Florance and Keiter allowed the assets of the decedent's estate and the corporation to waste. It asserts that Florance and the other defendants diverted said assets, corporate funds in particular, and used said assets to their own use, enjoyment and benefit. Lastly, plaintiff asserts that defendants acted in bad faith and with fraudulent intent in making payments to themselves which deprived the debtor of funds to pay its creditors.

Count II alleges that defendant Florance had, as executor of the decedent's estate and in his own right, entered into agreements to pay both the taxes due and obligations to other creditors. Count II alleges also that Florance used his position as stockholder and legal representative of the debtor corporation in an attempt to shift liabilities from himself and that in so doing he failed to deal fairly or in good faith with the debtor corporation. In addition, Count II asserts that these actions resulted in fraud against the creditors and beneficial interest holders of the debtor corporation.

Count III alleges breach of duty by defendants Florance and Keiter. Count IV alleges negligence and breach of fiduciary duty by Florance in his capacity as executor of the decedent's estate.

Count V alleges that Florance co-mingled funds of the debtor with the accounts of the decedent's estate. Count VI alleges that the defendants granted themselves preferences by having the debtor corporation pay their liabilities and by paying themselves fees and commissions while the plaintiff debtor was insolvent. Count VII alleges conversion and embezzlement by Keiter with the aid of Florance in connection with those taxes which were the subject of the criminal indictment of Keiter.

The amended complaint alleges fraud by diversion of assets from and shifting of liabilities to the debtor corporation. It alleges further the breach of fiduciary duty in the co-mingling of assets and granting of preferences by the defendants to themselves. Count VII asserts a claim of con-

version and embezzlement by the defendants in appropriating corporate funds to pay personal liabilities.

█ Fraud must be pleaded with particularity. Fed.R.Civ.P. 9(b); Rule 709, Rules of Bankruptcy Procedure. The purpose of the rule is to require the plaintiff to set forth the facts constituting the alleged fraud in sufficient detail to inform the defendants fairly of the charges against them. If, therefore, under the circumstances of the case, it appears that the defendants do in fact have notice of the matters of which the plaintiff complains, the complaint may be deemed sufficient. *Picture Lake Campground v. Holiday Inns, Inc.,* 497 F.Supp. 858, 866–67 (E.D.Va.1980). The complaint here recites specific behavior and patterns of action by the defendants sufficient to inform the defendants of the basis for the fraud claim against them. In addition, the complaint states factual allegations to support claims for breach of fiduciary duty and conversion. While the mere granting of preferences will not support a claim for relief under Virginia law, such action combined with self-dealing by those in control of a corporation, as alleged here, may do so. *See, Bank of Commerce v. Rosemary and Thyme, Inc.,* 218 Va. 781, 239 S.E.2d 909 (1978).

Accordingly, the Court denies the motion of the defendants to dismiss the amended complaint and will proceed to trial on all counts. Where the allegations of one count duplicate or substantially duplicate those in other counts, the several counts will be read together.

An appropriate Order will enter.