**In re Howard Stanley GUINN.**

**INTERNATIONAL LEASING CORPORATION, Plaintiff,**

v.

**Howard Stanley GUINN, Defendant.**

**Nos. FA 87–95 S, AP. 87–691 S.**

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Jan. 28, 1988.

Phillip Moon, Fayetteville, Ark., for debtor.

Stephen Taylor, Springdale, Ark., for International Leasing Corp.

William Gibson, Fayetteville, Ark., Trustee.

## ORDER

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is a Motion to Dismiss the Complaint in this adversary proceeding for failure to state a claim upon which relief can be granted.

The Plaintiff filed this Complaint pursuant to 11 U.S.C. §§ 523(a)(4) and (6) objecting to dischargeability of its debt by this debtor. Debtor moved to dismiss for failure to state a claim upon which relief can be granted. The Motion to Dismiss is based on Federal Rules of Civil Procedure 12(b)(6) made applicable to this adversary proceeding by Bankruptcy Rule 7012.

Plaintiff's first claim is based on 11 U.S.C. § 523(a)(4) which excepts from discharge any debts of an individual "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny ..." Plaintiff's second claim is based on 11 U.S.C. § 523(a)(6) which excepts from

discharge any debts of an individual "for willful and malicious injury by the debtor to another entity or to the property of another entity ..."

In support of these claims, Plaintiff pleads the following:

a) that Plaintiff leased to Computer Systems of Northwest Arkansas, Inc. certain computer equipment in 1984;

b) that Plaintiff relied on the representation of the debtor that the equipment would be used solely for floor display;

c) that debtor, in order to induce Plaintiff to extend credit to Computer Systems of Northwest Arkansas, Inc., executed a guaranty whereby he personally and unconditionally guaranteed the obligation of Computer Systems of Northwest Arkansas, Inc.;

d) that Plaintiff perfected a security interest in the equipment;

e) that the equipment was sold in December of 1984 to a third party, but Plaintiff was not informed until October of 1985;

f) that debtor intentionally and knowingly misrepresented the purpose for the purchase of the equipment knowing Plaintiff would rely on this misrepresentation and suffer damages;

g) that the actions of the debtor constitute fraud and misrepresentation;

h) that the action of the debtor in selling the equipment to a third party constitutes conversion and a willful and malicious injury to the property of the Plaintiff.

■ Bankruptcy Rule 7008 adopted Federal Rule of Civil Procedure 8 which states allegations in a complaint should be made in short, plain and concise statements, which will provide a party with notice of the claims asserted. *In re Hart*, 461 F.Supp. 328 (E.D.Ark.1978). Bankruptcy Rule 7009, which adopted Federal Rules of Civil Procedure 9, requires that any fraud allegation must be pled with particularity. *In re Kerr*, 58 B.R. 171 (Bkrptcy.E.D.Ark.1985). Reading Rule 9 in conjunction with Rule 8, Plaintiff's Complaint, then, must provide a short and simple description of the factual basis to support an allegation of fraud. *In re Tanner's Transfer and Storage of Virginia*, 30 B.R. 22 (Bkrptcy.E.D.Va.1983). Additionally, in order to survive debtor's Motion to Dismiss, under § 523(a)(4), Plaintiff's claim of fraud must also sufficiently allege that the debtor committed the fraud while acting in a fiduciary capacity. *Ragsdale v. Haller*, 780 F.2d 794, 796 (9th Cir.1986).

■ Plaintiff's Complaint fails to indicate how any type of fiduciary relationship exists. The Complaint merely indicates that there was some form of debtor/creditor relationship between the parties resulting from the lease of computer equipment. Since a debtor/creditor relationship, without more will not establish a fiduciary/beneficiary relationship under § 523(a)(4), Plaintiff's first cause of action does not state a claim upon which relief can be granted.

■ The Plaintiff's second cause of action under § 523(a)(6), in the Court's opinion, does give the debtor fair notice of Plaintiff's claim that the debtor converted proceeds from the sale of secured collateral in violation of Plaintiff's security agreement. While the allegations are sketchy, they are sufficient to withstand debtor's Rule 12(b)(6) Motion. The phrase "willful and malicious" as it appears in § 523(a)(6) requires an intentional act by the debtor "which necessarily produces harm and is without just cause or excuse." *In re Cecchini*, 780 F.2d 1440, 1443 (9th Cir.1986). Proof of specific intent to injure is not necessary. *Id.* When a debtor intentionally and knowingly sells collateral without the knowledge or consent of the secured creditor, the sale has been held to constitute a willful and malicious act. *In re Linklater*, 48 B.R. 916, 920 (Bkrptcy.Nev.1985). Debtor's Motion to Dismiss the Plaintiff's second cause of action is therefore denied.

The Court is mindful that the Plaintiff's Complaint is sketchy and does appear to contradict itself in paragraphs 5 and 8 with regard to who or what sold the subject computer equipment. The Court does feel, however, that this confusion, which can be cleared up by amendment to the original

Complaint, is not of the type which would prevent the debtor from being on notice as to the claim against him he will be required to defend.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the Motion to Dismiss as to Plaintiff's first claim based on 11 U.S.C. § 523(a)(4) be and hereby is granted for failure to state a claim upon which relief can be granted. It is further

ORDERED that the Motion to Dismiss as to Plaintiff's second claim based on 11 U.S.C. § 523(a) be and hereby is denied. It is further

ORDERED that the Defendant shall answer the Complaint or otherwise plead to any amended complaint within twenty (20) days from the date the amended complaint is filed.

IT IS SO ORDERED.