461 F.Supp. 328 (1978)
In re Joseph Wesley HART, Debtor.
WORTHEN BANK & TRUST COMPANY, N. A., Appellant,
v.
Joseph Wesley HART, Debtor-Appellee.
No. LR-B-75-213.
United States District Court, E. D. Arkansas, W. D.
December 12, 1978.
*329 Isaac Scott, John R. Tisdale, Little Rock, Ark., for appellant Worthen Bank.
Jack Sims, Little Rock, Ark., for appellee-debtor Joseph Wesley Hart.

MEMORANDUM OPINION
ARNOLD, District Judge.
Worthen Bank & Trust Company filed a complaint objecting to the discharge of the debtor. Under Bankruptcy Rule 703, this complaint commenced an adversary proceeding. The complaint alleged four objections to discharge, based upon four separate subsections of Section 14c of the Bankruptcy Act, 11 U.S.C. Section 32(c). In addition to these four objections, which would prevent a discharge altogether, the complaint alleged that the particular debt owed to Worthen Bank was non-dischargeable. Except as to the first objection to discharge (failure to preserve satisfactory books of account), the Bankruptcy Court granted judgment on the pleadings for the debtor. The three other objections to discharge, it held, had not been pleaded with sufficient particularity. The contention that the debt owed to Worthen Bank was not dischargeable was also rejected, on the ground of res judicata. This Court affirms.
The three objections to discharge that are at issue on this appeal were alleged in the following words:
3. Defendant is not entitled to a discharge for the reason that he: * * *
(B) While engaged in business as a sole proprietor, partnership, and executive of a corporation, obtained for his business enterprises money on credit or an extension or renewal of credit by making or publishing or causing to be made or published a materially false statement in writing respecting his financial condition;
(C) At a time subsequent to the first day of the 12 months immediately preceding the filing of the petition in bankruptcy, transferred his property with the intent to hinder, delay and defraud his creditors; and
(D) Has failed to explain satisfactorily his losses of assets and deficiency of assets to meet his liabilities.
The complaint also alleged:
4. The debts due and owing plaintiff, as reflected in the judgment [the reference is apparently to a judgment recovered by the bank against Hart in a state court], are the result of liabilities for obtaining the loan of money and extensions and renewals of credit by plaintiff in reliance upon a materially false statement in writing respecting the financial condition of defendant which was made or published or caused to be made or published with intent to deceive.
This complaint was filed on August 4, 1975. On September 11, 1975, the debtor moved for judgment on the pleadings. This motion was granted on April 13, 1976, nine months later. At no time did the bank ask leave to amend its complaint.
The objections to discharge were pleaded simply in the words of the statute. The same is true of the contention that the debt *330 owed the bank was not dischargeable. It is clear that this pleading would have been insufficient, and the complaint subject to dismissal, under General Order 32, which governed matters of this kind before the new Bankruptcy Rules were adopted in 1973. In re Leach, 197 F.Supp. 32 (W.D. Ark.1960), is directly in point. The bank argues that Bankruptcy Rule 708 has changed this state of the law. That rule incorporates by reference Rule 8 of the Federal Rules of Civil Procedure, which requires only that a pleading shall contain a "short and plain statement of the claim showing that the pleader is entitled to relief."
To this contention there are two answers. First, with respect to the objections to discharge lettered (B) and (C), Rule 9(b) of the Federal Rules of Civil Procedure, which is adopted by Bankruptcy Rule 709, requires that the circumstances constituting an alleged fraud be pleaded with particularity. The same is true of the contention that the debt owed the bank is not dischargeable. That contention, too, is based on a claim of fraud. Second, all of the claims in the complaint, including those based on fraud as well as the argument that the debtor failed to explain losses of assets satisfactorily, are pleaded merely in the words of the statute. According to 1A Collier, Bankruptcy (14th ed. rev. 1978), ¶ 1407[2], at 1286-87.
The decisions prior to the 1973 Bankruptcy Rules to the effect that averments should be more specific than the general language of the statute except in the case of failure to keep books of account are still sound and should be controlling under the new procedure decreed by the Bankruptcy Rules. If the averments are vague or general, . . . the complaint will be susceptible to a motion to dismiss pursuant to Federal Civil Rule 12(b).
It is unnecessary to consider the question of res judicata, because even if this doctrine is not a bar to the bank's claim that the debt owed it was non-dischargeable, the failure to plead fraud with particularity on this issue would be such a bar.
The courts do not favor dispositions on the pleadings. Ordinarily the ends of justice are better served by a trial on the merits. Even under modern rules, however, the pleadings have an important office. Their function is to give notice to the opposing party of the contentions he will have to meet. Fair notice requires something more than a quotation from the statute. The bank argues that the vagueness of its allegations can be cured by reference to the transcript of a hearing held at the first meeting of creditors on April 22, 1975. At this hearing counsel for the bank cross-examined the debtor at some length. This Court has read the relevant portions of the transcript of this hearing and is still left with a feeling of uncertainty as to the grounds intended to be asserted by the bank against the discharge. This uncertainty could have been dispelled at any time by a motion for leave to amend the complaint. It was not.
The judgment of the court below will be affirmed, and the cause remanded for further proceedings. One ground of objection to discharge  failure to keep satisfactory books and records  remains to be tried.

JUDGMENT
In accordance with the memorandum opinion entered herein, it is by the Court this 11th day of December, 1978, ORDERED
That the judgment of the Bankruptcy Court be, and it is hereby, affirmed, and the cause remanded for further proceedings not inconsistent with this opinion.