**In re O.P.M. LEASING SERVICES, INC., Debtor.**

**James P. HASSETT, as Trustee of O.P.M. Leasing Services, Inc., Plaintiff,**

v.

**Richard ZIMMERMAN, Richard Zimmerman Designs Inc. and Richard Zimmerman Designs of New York Inc., Defendants.**

**Bankruptcy No. 81 B 10533.**
**Adv. No. 83-5336A.**

United States Bankruptcy Court, S.D. New York.

Aug. 4, 1983.

Zalkin, Rodin & Goodman, New York City, for plaintiff, James P. Hassett, as Trustee.

Frank Irizarry, New York City, for defendants.

BURTON R. LIFLAND, Bankruptcy Judge.

O.P.M. Leasing Services, Inc. ("OPM") was and is engaged in the business of buying, selling and leasing new and used computers and related equipment. On March 11, 1981 OPM filed a voluntary petition in this Court under Chapter 11 of the Bankruptcy Code ("the Code").

In the complaint before this Court, James Hassett, the Chapter 11 Trustee for OPM, asserts claims against the defendants Richard Zimmerman, Richard Zimmerman Designs Inc. and Richard Zimmerman Designs of New York Inc. ("Zimmerman, Designs, and Designs of New York") with respect to fraudulent transfers to defendants by OPM. The Trustee alleges that between January 17, 1978 and December 1, 1979, OPM made payments of $495,347.34 ("the funds") to the defendants.

Plaintiff asserts five causes of action against the defendants pursuant to Sections 544, 548 and 550 of the Code. In the aggregate, all of the elements of claims under these three sections are alleged by means of tracking the statutory language. These five claims therefore include allegations: (1) that the transfer of funds to defendants was made without fair consideration and without receipt by OPM of a reasonably equivalent value in exchange; (2) that OPM at the time of the transfer was (a) insolvent; (b) had an unreasonably small capital; or (c) intended or believed that it would incur debts beyond its ability to pay as they matured; (3) that these transfers were made with actual intent by OPM to defraud its creditors; (4) that these funds were not taken in good faith by the defendants; (5) that defendants knew of the voidability of the transfer of funds; and, (6) that defendants took benefits without giving any value to OPM.

Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("the Federal Rules"). They have also moved to dismiss the complaint for failure to plead fraud with particularity under Rule 9(b) of the Federal Rules. While this Court agrees that a cause of action has been stated against the defendants under Code Sections 544 and 550 sufficient to defeat the Rule 12(b)(6) motion, the Court finds that the Trustee has submitted a cursory complaint that does not meet the pleading requirements of fraud under Federal Rule 9(b). For the reasons explained below, the Section 548 cause of action is dismissed and plaintiff will be given leave to amend his complaint with regard to his claims under Sections 544 and 550 to conform properly to the requirements under Federal Rule 9(b) for pleading fraud under the Code.

Rule 12(b)(6) provides a defending party the opportunity to move to dismiss a claim against it for failure to state a claim upon which relief can be granted. The standard for a 12(b)(6) dismissal is enunciated in the Supreme Court decision of *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957):

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

This Court must dismiss the Section 548 claim because there is no set of facts that

support the Trustee's claim which would entitle him to relief.

*The Trustee's Assertions Under Section 548*

■ The Trustee's assertions under Section 548 [1] fail to state a claim and thus must be dismissed pursuant to Rule 12(b)(6). The fraudulent conveyance provision of Section 548 of the Code recognizes that transactions by the debtor may represent a constructive fraud upon the debtor's innocent creditors because the debtor does not receive in exchange a consideration reasonably equivalent in value to the obligations incurred by the debtor. Such a transaction may unfairly deplete the debtor's estate. The Code empowers the trustee to set aside such a fraudulent transfer and recover, for the benefit of the creditors, the value of the property that had been removed. *Rubin v. Manufacturers Hanover Trust Co.,* 661 F.2d 979, 989 (2d Cir.1981).

Section 548 requires that the fraudulent conveyance be made within one year of the bankruptcy filing, that the transaction be entered into without fair consideration to the debtor, and that the debtor was or became insolvent as a result of the transaction. The statute refers to "any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition. . . ."

The Trustee admits in his brief that "all of OPM's initial payments were outside of the one year period." The Trustee also alleges in his causes of action in the complaint that every transaction between OPM and the defendants occurred and was completed between January 17, 1978 and December 19, 1979, a period which ended more than one year prior to the filing of the petition. Section 548 expressly prohibits one from asserting a claim if the transaction occurred more than one year before the filing. Therefore, the Section 548 claim must be dismissed because it fails to state a claim. The Trustee infers an elasticity in the statute of limitations that does not exist.

*The Trustee's Claims Under Sections 544(b) and 550*

■ The Trustee can state a cause of action pursuant to Code Section 544(b) [2] because the applicable statute of limitations, as governed by state law in New York, is six years. Section 544, like Section 548, would permit the Trustee to avoid these pre-petition transfers. As Collier states: "Section 544(b) permits the trustee to exercise whatever rights of avoidance any creditor holding an unsecured allowable claim could have exercised on his own behalf under applicable state or federal law." 4 Collier on Bankruptcy ¶ 544.01 (15th ed. 1982). Accordingly, although the Trustee cannot state a claim under Section 548, he may assert his avoidance powers under Section 544(b). As the court in *Matter of Tabala,* 11 B.R. 405, 406 (Bkrtcy.S.D.N.Y.1981) explained:

1. Section 548 provides in pertinent part:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer occurred or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

(ii) was engaged in business, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

2. Section 544(b) of the Code provides:

The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 502 of this title or that is not allowable only under Section 502(c) of this title.

[T]he trustee looks to the six year limitation period under the New York Debtor and Creditor Law and seeks to show that there existed an actual unsecured creditor at the time of the transfer who could have set it aside under state law, so that the trustee may step into the shoes of such creditor and void the entire transfer....

Thus, the Trustee will be given leave to amend his complaint to particularize these allegations to fulfill the requirements of Rule 9(b) as detailed below.

■ Moreover, in his amended complaint, plaintiff may continue to rely upon Code Section 550 [3] because his complaint states a claim under Section 550. However, these allegations must be particularized to comport with the requirements of Rule 9(b) as detailed below. Code Section 550

> deals with the liability of transferees of avoided transfers ... and contemplates the possibility of a second lawsuit against a mediate or intermediate transferee for the return of the property or damages equal to the value thereof after the voidability of the transfer is established. 4 Collier Bankruptcy Practice Guide ¶ 65.08 (1983).

A trustee may thus employ Section 550 to recover property from any subsequent transferee to the extent that the initial transfer has been avoided under Section 544. Since the Section 548 claim must fail due to the bar of the statute of limitation, the Section 544 cause of action is the only means by which the Trustee can rely on Section 550.

The plaintiff has stated a claim to recover the amount given to third parties under Section 550, alleging that the funds were not taken in good faith by Zimmerman, Designs, and Designs of New York. This is because Section 550 will allow a trustee to recover monies received by a subsequent transferee that were not received in good faith. *In re Greenbrook Carpet Co., Inc.,* 22 B.R. 86, 90 (Bkrtcy.S.D.Georgia 1982). *See* 4 Collier on Bankruptcy ¶ 550.3 (15th ed. 1983) for a discussion on the good faith standard. Accordingly, the Trustee will be given leave to amend so as to particularize his allegations pursuant to Rule 9(b) and allow him possibly to "recover the fruits of the transfer from any immediate or mediate transferee." *Matter of Aquafredda,* 26 B.R. 909, 913 (Bkrtcy.M.D.Fla.1983).

*Rule 9(b) in a Bankruptcy Setting*

■ Rule 9(b) of the Federal Rules provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiff contends in his papers that the courts have liberally interpreted fraud pleadings in bankruptcy cases. Plaintiff states that the courts do not insist that there be conformance to the rigid demands in pleading fraud as in civil actions charging fraud. This Court is mindful of the more liberal approach to fraud pleading in bankruptcy cases predicated upon the fact that it is often the trustee, a third party, who is pleading fraud on secondhand information. *See Schlick v. Penn-Dixie Cement Corp.,* 507 F.2d 374, 379 (2d Cir.1974). This Court is constrained nonetheless to require that the instant causes of action be plead with greater particularity.

A civil action charging fraud must allege with some specificity the acts constituting fraud. Recent Second Circuit opinions have imposed a stringent requirement for plead-

**3.** Section 550 of the Code provides in pertinent part:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549 or 724(a) of this title, the trustee may recover for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

(b) The trustee may not recover under section (a)(2) of this section from—

(1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or

(2) any immediate or mediate good faith transferee of such transferee.

ing fraud. The court in *Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111 (2d Cir.1982), held that conclusory generalities do not satisfy the requirements of Rule 9(b). Generalized allegations that defendant's growth was "haphazard and uncoordinated, and unaccompanied by adequate operational, managerial and financial controls or return on investment" were deemed by the Second Circuit to be "completely inadequate.... There must be allegation of *facts* (emphasis added) amounting to deception in one form or another." *Id.* at 116. The stringent requirements of Rule 9(b), the court explained, are designed to prevent a long and drawn out discovery process in the hopes of uncovering substantive, incriminating facts. *Id.*

Judge Weinfeld of the District Court for the Southern District of New York recently set forth the criteria for satisfying the Rule 9(b) requirement in *Crystal v. Foy,* 562 F.Supp. 422 (Current) Fed.Sec.L.Rep. (CCH) ¶ 99,180 (S.D.N.Y.1983). According to the court in *Crystal,* plaintiff's complaint must allege: (1) specific facts; (2) sources that support the alleged specific facts; and (3) a basis from which an inference of fraud may be fairly drawn. *Id.* at 431, (Current) Fed. Sec.L.Rep. (CCH) at 95,697. The court in *Crystal* reprimanded the plaintiff for relying solely on generalities. *Id.* at 431 (Current) Fed.Sec.L.Rep. (CCH) at 95,697–98. Plaintiff failed to supply factual sources and specific dates and the court declared that plaintiff was "not seeking to 'redress ... a wrong' but rather 'to find one.'" *Id.* at 433 (Current) Fed.Sec.L.Rep. (CCH) at 95,703 (citations omitted).

Although it is true that Rule 9(b) "should be reconciled with Rule 8,[4] which requires a short and plain statement of claims," *Felton v. Walston & Co., Inc.,* 508 F.2d 577,581 (2d Cir.1974), more than broad assertions by the plaintiff are required. A general complaint of fraud circumvents the purposes of the pleading process to give notice to the opposing party of the contentions he will have to meet. Also, an allegation of fraud, unlike most other claims, may have serious impact on the reputation of the defendant. *Id.; Segal v. Gordon,* 467 F.2d 602,607 (2d Cir. 1972); *Rich v. Touche Ross,* 68 F.R.D. 243,-245 (S.D.N.Y.1975). Accordingly, it is not to be pleaded by means of conclusory allegations only. *Id.*

■ This Court agrees with plaintiff in the case at bar that greater liberality should be afforded in the pleading of fraud in a bankruptcy case. As mentioned earlier, this liberality is required because it is often the Trustee, a third party outsider to the fraudulent transaction, that must plead fraud on secondhand knowledge for the benefit of the estate and all of its creditors. However, "[t]he rules do require ... that the complaint 'set forth the facts with sufficient particularity to apprise the defendant fairly of the charges made against him' ... 'so that the defendant can prepare an adequate answer to the allegations.'" *In re King's Place,* 6 B.R. 305, 307–308 (Bkrtcy.E. D.Pa.1980) (citations omitted); *Accord, In re McGuff,* 3 B.R. 66 (Bkrtcy.S.D.Calif.1980) *See In re Hart,* 461 F.Supp. 328, 330 (E.D. Ark.1978). In light of the competing policies of Rules 9(b) and 8(a) and the greater liberality afforded a pleader of fraud in a bankruptcy setting, *see In re Germain,* 144 F.Supp. 678, 683 (S.D.Cal.1956), this Court will not insist upon the stringent standards enunciated by the Second Circuit intended for a non-bankruptcy civil action setting such as in *Decker* and *Crystal.* Appropriate herein is a standard akin to the standard enunciated by the bankruptcy courts in *McGuff* and *King's Place.* Even under this more relaxed standard, in the present case, the Trustee must produce more facts than he has thus far set forth in the complaint. As an outsider to the transactions complained of, the Trustee may be impaired but he is not disabled.

The Court in *In re McGuff,* 3 B.R. 66, found that the complaint included no facts in support of its allegations. The court held

4. Federal Rule 8(a) states: "A pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief..."

that this deficiency prevented the defendant from formulating an effective response. *Id.* at 70. In contrast, the Court in *In re King's Place,* 6 B.R. 305, held that plaintiff had "so stated with sufficient particularity that defendant may reasonably be expected to be able to prepare an answer on the basis of what has been alleged...." *Id.* at 308.

The only facts that the Trustee alludes to are contained in paragraphs "8" and "9" of his complaint where he states:

> [F]rom the years commencing 1978 to and including the date of this complaint, OPM was insolvent [and] between on or about January 17, 1978 and December 19, 1979, funds aggregating the sum of $495,-347.34, the property of OPM, were by a series of payments transferred to or for the use and benefit of Zimmerman, Designs, and Designs of New York.

Facts that have not been plead have been stated in the Trustee's papers in opposition to the motion and would seem to buttress the statutory causes of action alleged in the complaint. It is urged that since the plaintiff is in possession of facts suggestive of entitlement to relief, he use them to clothe the bare statutory bones.

Moreover, "[f]air notice requires something more than a quotation from the statute...." *In re Hart,* 461 F.Supp. 328–330. Plaintiff's complaint does almost nothing more than parrot the statute verbatim. For example, paragraph "12" alleges that "at all the times of said transfers .... OPM was one or more of the following: (a) insolvent; (b) had an unreasonably small capital; or (c) intended or believed that it would incur debts beyond its ability to pay as they mature." These are elements set forth in Section 548(a)(2)(A), (B); these words do not explain and do not specify any facts. This smacks of multiple choice or menu pleading.

"This practice [of repeating the statute] can have serious consequences in ordinary situations as fraud should normally be pleaded with particularity." *In re McGuff,* 3 B.R. at 70. A complaint that merely repeats the wording of the statute and includes no facts in support of its allegations will be met with disfavor.

Moreover, plaintiff has asserted all of his fraud allegations on information and belief. The case law generally holds that allegations of fraud based solely on information and belief usually do not satisfy the degree of particularity required by Rule 9(b). *See, e.g., Segal v. Gordon,* 467 F.2d 602, 608 (2d Cir.1972); *Weinberger v. Kendrick,* 432 F.Supp. 316, 321 (S.D.N.Y.1977); *Odette v. Shearson, Hammill & Co.,* 394 F.Supp. 946, 959–60 (S.D.N.Y.1975); *Rich v. Touche Ross and Co.,* 68 F.R.D. 243 (S.D.N.Y.1975). The particularity requirement may only be satisfied in a pleading on information and belief where the allegations are accompanied by a statement of the facts upon which the belief is founded. *See Schlick v. Penn-Dixie Cement Corp.,* 507 F.2d 374, 379 (2d Cir. 1974), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975); *McFarland v. Memorex Corp.,* 493 F.Supp. 631,639 (S.D.N. Y.1980); *Stromfield v. Great Atlantic and Pacific Tea Co.,* 484 F.Supp. 1264, 1270 (S.D. N.Y.1980); *Ross v. Warner,* 480 F.Supp. 268, 271 (S.D.N.Y.1979). Accordingly, that fraud is pleaded substantially on information and belief here is another factor militating in favor of requiring the Trustee to amend his pleading to comport with the particularity requirements of Rule 9(b).

Rule 15(a) of the Federal Rules grants leave to amend "and leave shall be freely given when justice so requires." Leave to amend is proper "where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudiced, and the trial of issues will not be unduly delayed." 3 Moore's Federal Practice § 15.08[2] (2d ed. 1983) In the instant case, plaintiff will be given the opportunity to amend his complaint to cure the deficiencies described above. In so doing, he must reassess each of his contentions in an effort to satisfy the requisite elements of the sections relied upon with the particularity insisted upon by the Federal Rules.

*Conclusion*

Based upon the foregoing, the Trustee will be granted leave to amend his complaint in order to replead the fraudulent transfer alleged under Code Sections 544(b) and 550 with particularity. However, the allegations of fraudulent transfer under Code Section 548 must be dismissed with prejudice pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules. Leave to amend the complaint within 20 days of the date of this order is hereby granted.

It is SO ORDERED.