In re Paul SRIBERG, Debtor.

Jack T. WOLFSON, Trustee Siderius, Inc., Plaintiffs,

v.

Paul SRIBERG, Defendant.

Bankruptcy No. 4–83–00656–G. Adv. No. 4–84–0069.

United States Bankruptcy Court, D. Massachusetts.

Nov. 7, 1984.

Henry Gesmer, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for debtor/defendant Paul Sriberg.

Wendy E. Parmet, Hill & Barlow, Boston, Mass., for plaintiff/Siderius, Inc.

Jack Wolfson, Wolfson, Dodson, Keenan, & Cotton, Worcester, Mass., trustee.

Richard Clarey, Boston, Mass., for Jeannette Sriberg.

## MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

A complaint objecting to the discharge of the debtor was filed by the Chapter 7 Trustee and Siderius, Inc., an unsecured creditor of the debtor.[1] The debtor filed a motion for a more definite statement and a motion to strike certain allegations pursuant to Fed.R.Civ.P. 12(e) and (f).

The complaint contains six counts which restate a number of the general grounds for denial of discharge contained in section 727(a) of the Bankruptcy Code. Also included is a section entitled "Background" which sets out in fourteen paragraphs various occurrences and transactions allegedly involving the debtor between December 1975 and August 1982. The Chapter 7 petition was filed on October 27, 1983. The debtor moves to strike the entire Background section on the basis that the allegations contained therein are irrelevant to the issue of the debtor's dischargeability and are made solely with the intent to create a prejudicial record. In particular, the debtor objects to the inclusion of a paragraph which incorporates by reference a 1982 probate court opinion in a divorce proceeding between the debtor and his wife which the debtor claims is irrelevant and inadmissi-

1. Siderius, Inc. alleges it is owed "in excess of $7,000,000."

ble. However, Siderius, Inc. avers that the Background section supports its grounds for denial of discharge in that certain paragraphs specifically allege that the debtor failed to disclose assets on the schedules and statement of affairs filed with the Court.

In his motion for more definite statement, the debtor contends that because the six counts contained in the complaint recite general statutory grounds for denial of discharge, it is impossible to answer other than by a general denial or to prepare a defense to the general allegations. Siderius, Inc. opposes this motion and contends that the Background information contains sufficiently specific allegations.

■ None of the fourteen paragraphs in the Background section are incorporated by reference in any of the six counts, and there is no indication as to which particular transaction or occurrence each count relates. In addition, Counts I, II, V and VI allege fraud on the part of the debtor but do not state with particularity the circumstances constituting fraud as required by Fed.R.Civ.P. 9(b), incorporated in Bankruptcy Rule 7009. While it is true that courts have applied pleading rules and interpreted the pleading of fraud in bankruptcy cases liberally,[2] the defendant must be apprised fairly of the charges made against him in sufficient detail to enable him to answer adequately and prepare a defense to the allegations. *See, e.g., In re O.P.M. Leasing Services, Inc.,* 32 B.R. 199, 203–04 (Bankr.S.D.N.Y.1983).

■ The Court finds that the general grounds for denial of discharge quoted from section 727(a) in the counts of the complaint are, in themselves, insufficient notice to the defendant of the specific acts or transactions on which they are based. *In re Hart,* 461 F.Supp. 328, 330 (E.D.Ark. 1978). While the plaintiffs need not plead evidentiary detail, they must state the underlying facts and general wrong complained of which, if proved, would entitle them to the relief sought. *Sandler v. Eastern Airlines, Inc.,* 649 F.2d 19, 20 (1st Cir.1981); `Fisher v. Flynn,` 598 F.2d 663, 665 (1st Cir.1979); *Black v. Brown University,* 555 F.Supp. 880, 886 (D.R.I.1983). Although rigid requirements are not laid down for separate paragraphing and separate statements,[3] clarity requires that the Background information be correlated with the general recitation of statutory grounds if, in fact, such correlation exists.

Experience demonstrates that objections to discharge often generate extensive discovery which can be costly and time consuming. Therefore, in the interests of all concerned, the Court concludes that the complaint must be clear and give explicit notice to the defendant of the grounds upon which it is based to enable him to answer and prepare a defense, and for the Court to expeditiously render a decision on the merits. The importance of proper pleading "consists in its effectiveness as a means to accomplish the ends of a just judgment." *Maty v. Grasselli Chemical Co.,* 303 U.S. 197, 201, 58 S.Ct. 507, 509, 82 L.Ed. 745 (1938).

■ Motions to strike under Fed.R. Civ.P. 12(f)[4] are not favored and are infrequently granted. *In re O.P.M. Leasing Services, Inc.,* 35 B.R. 854, 863 (Bankr.S.D. N.Y.1983). A motion to strike should not be granted unless the allegations clearly have no bearing on the matter being litigated. *Id.* at 864; *see also In re Cresta,* 40 B.R. 953, 955 (Bankr.E.D.Pa.1984). With

---

**2.** As the Court observed in *In re O.P.M. Leasing Services, Inc.,* 32 B.R. 199, 203 (Bankr.S.D.N.Y. 1983), "this liberality is required because it is often the Trustee, a third party outsider to the fraudulent transaction, that must plead fraud on secondhand knowledge for the benefit of the estate and all of its creditors."

**3.** Fed.R.Civ.P. 10(b) requires separate paragraphs limited to a statement of a single set of circumstances with each claim separately stated "whenever a separation facilitates the clear presentation of the matters set forth."

**4.** Rule 12(f) provides: "Upon motion made by a party before responding to a pleading ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

regard to the debtor's motion to strike allegations from the Background section of the complaint, it remains to be seen from the evidence to be presented whether the information contained therein, once correlated to the counts set out in the complaint, are ultimately relevant to whether or not the debtor's discharge should be denied. The admissibility and weight to be accorded specific evidence will be determined by the Court at the appropriate time.

## ORDER

In accordance with the foregoing, the following order shall enter:

1. The plaintiff shall file an amended complaint within twenty days from the date hereof.[5] Said complaint shall:

(a) include in separate counts specific acts and/or transactions upon which each ground for denial of discharge is allegedly based; and

(b) state with particularity each circumstance for which fraud is alleged.

2. The motion of the defendant for a more definite statement is allowed to the extent set out herein; the defendant's motion to strike certain allegations from the complaint is denied, without prejudice.

Failure to file an amended complaint within the time set by the Court shall be grounds for dismissal or other appropriate sanctions under Fed.R.Civ.P. 37(b).

5. On July 17, 1984, the Court allowed the debtor's motion for leave to file his answer within five days after notice of the Court's action on the within motions.