In re HOLLIS & CO.

Charles Darwin DAVIDSON,
Trustee, Plaintiff,

v.

TWIN CITY BANK, Defendant.

Bankruptcy No. LR 85–1100 S.
Adv. No. 87–528 S.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Feb. 18, 1988.

Charles Davidson, Little Rock, Ark., Trustee.

Thomas McLain, Little Rock, Ark., for Trustee.

Scott Vaughn, and Janice Vaughn, Little Rock, Ark., for Twin City Bank.

## ORDER

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is Defendant's Motion to Dismiss the Complaint filed by the Trustee in this adversary proceeding. The movant contends that Trustee's Counts I and II should be dismissed pursuant to Rule 12(b)(6) Federal Rules of Civil Procedure and Bankruptcy Rule 7012 for failure to state a claim upon which relief can be granted, pursuant to Rule 9(b) Federal Rules of Civil Procedure and Bankruptcy Rule 7009 for failure to plead circumstances constituting fraud or fraudulent conveyance with particularity, and pursuant to Rule 9(f) Federal Rules of Civil Procedure and Bankruptcy Rule 7009(f) for failure to aver pertinent times and places.

The Trustee's first count is based upon 11 U.S.C. § 548 wherein he contends that a transfer by the debtor to the Defendant was in payment of a debt of an affiliated company, Daria Enterprises, Inc. and is avoidable pursuant to § 548 of the Bankruptcy Code. The Trustee's second count is based upon 11 U.S.C. § 544(b) which provides that certain other transfers are also avoidable under applicable state law.

In support of these claims, the Trustee pleads the following:

1. Charles Darwin Davidson is the duly appointed, qualified and acting bankruptcy Trustee in this Chapter 11 proceeding.

2. Upon information and belief, Defendant is a national banking association based in North Little Rock, Arkansas.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 544 and 548.

### Count I

4. Within one year before the date of the filing of the debtor's petition, the debtor voluntarily transferred $338,-103.38 to Defendant and received less than a reasonably equivalent value in exchange for such transfers. Upon information and belief, the transfers by the debtor to Defendant were in payment of a debt of an affiliated company, Daria Enterprises, Inc. At the time of the transfers, the debtor was insolvent, or became insolvent as a result of such transfers and the debtor may avoid the transfers pursuant to 11 U.S.C. § 548.

### Count II

5. Plaintiff restates and realleges all of the foregoing.

6. Additionally, the debtor transferred $159,000.00 to Defendant on August 1, 1984 and May 31, 1984. Such transfers are avoidable pursuant to 11 U.S.C. § 544(b) as a transfer avoidable under applicable law.

The test most often applied to determine whether a complaint warrants dismissal for failure to state a claim upon which relief could be granted originated in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957):

> [I]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

All that is required by Federal Rules of Civil Procedure 8(a), made applicable to adversary proceedings in bankruptcy cases by Rule 7008, is "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, pleadings should be construed to do substantial justice. Federal Rules of Civil Procedure 8(f). Specificity sufficient to supply fair notice of the nature of the action will withstand a motion under Rule 12(b)(6). *Hanson v. Hunt Oil Co.,* 398 F.2d 578, 581 (8th Cir.1968). Accordingly, complaints should not be dismissed merely because plaintiff's allegations do not support the particular legal theory he advances, for a court is under the duty to examine the complaint to determine if the allegations provide for relief on any possible theory. 5 C. Wright & A. Miller, *Federal Practice and Procedure:* Civil § 1219 at pp. 120–121 (1969). Nor should a complaint be dismissed that does not state with precision all elements that give rise to a legal basis for recovery. *Sparks v. England,* 113 F.2d 579, 581–82 (8th Cir.1940). Finally, a complaint should not be dismissed merely because the court doubts that a plaintiff will prevail in the action. *Thomason v. Hospital TV Rentals,* 272 F.2d 263, 266 (8th Cir.1959). That determination is properly made on the basis of proof and not merely on the pleadings.

The question, therefore, is whether in the light most favorable to the Plaintiff, the Complaint states any valid claim for relief. *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969); *Leimer v. State Mutual Life Assurance,* 108 F.2d 302, 305–306 (8th Cir. 1940). Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a Plaintiff includes allegations that show on the face of the Complaint that there is some insuperable bar to relief. *TV Signal Co. of Aberdeen v. American Tel. & Tel. Co.,* 462 F.2d 1256, 1258 (8th Cir.1972).

Applying the above rules to this case, dismissal would be warranted if the Plain-

tiff has not alleged facts sufficient to demonstrate that relief can be granted by the Court pursuant not only to 11 U.S.C. § 548 and/or 11 U.S.C. § 544 but any other valid claim for relief.

Section 548 of the Bankruptcy Code requires that the fraudulent conveyance be made within one year of the bankruptcy filing, that the transaction be entered into without fair consideration to the debtor, and that the debtor became insolvent as a result of the transaction. The Trustee's assertions in his Complaint, although sketchy, do state a claim and thus should not be dismissed pursuant to Rule 12(b)(6). The fraudulent conveyance provision of § 548 of the Code recognizes that transactions by the debtor may represent a constructive fraud upon the debtor's innocent creditors because the debtor does not receive in exchange a consideration reasonably equivalent in value to the obligations incurred by the debtor. Such a transaction may unfairly deplete the debtor's estate. The Code empowers the Trustee to set aside such a fraudulent transfer and recover for the benefit of the creditors, the value of the property that has been removed. *Rubin v. Manufacturers Hanover Trust Co.*, 661 F.2d 979, 989 (2nd Cir.1981).

Section 544(b) of the Bankruptcy Code permits the Trustee to exercise whatever rights of avoidance any creditor holding an unsecured allowable claim could have exercised on its own behalf under applicable state or federal law. 4 *Collier on Bankruptcy*, ¶ 544.01 (15th Ed.1982). In Count II of the Complaint filed by the Trustee, he restates his general allegations under Count I and adds the allegation that the debtor transferred funds to the Defendant, Twin City Bank, on two specific dates. He then goes on to state that these transfers are avoidable pursuant to § 544(b) as a transfer avoidable under applicable state law. The Court would concede that this is a minimum pleading but finds that it does state a claim, albeit sketchy. The Trustee will be given leave to amend his Complaint to particularize these allegations.

The Defendant has also moved to dismiss the Trustee's Complaint pursuant to Rule 9(b) and 9(f) of the Federal Rules of Civil Procedure for failure to plead circumstances constituting fraud or fraudulent conveyance with particularity and failure to aver pertinent times and places.

As pointed out above, Federal Rule of Civil Procedure 8, states that allegations in a complaint should be made in short, plain and concise statements which will provide a party with notice of the claims asserted. *In re Hart*, 461 F.Supp. 328 (E.D.Ark.1978). Federal Rule of Civil Procedure 9 requires that any fraud allegation must be pled with particularity. *In re Kerr*, 58 B.R. 171 (Bkrptcy.E.D.Ark.1985). Reading Rule 9 in conjunction with Rule 8, Plaintiff's Complaint must provide a short and simple description of the factual basis to support an allegation of fraud. *In re Tanner's Transfer and Storage of Virginia*, 30 B.R. 22 (Bkrptcy.E.D.Va.1983).

The court is also mindful of the more liberal approach to fraud pleading in bankruptcy cases especially in those instances where a trustee is bringing the action. *Schlick v. Penn–Dixie Cement Corp.*, 507 F.2d 374, 379 (2nd Cir.1974). This liberality is justified because the Trustee is a third party outsider to the fraudulent transaction and, in most cases, must plead fraud on second hand knowledge for the benefit of the estate and all its creditors. *In re O.P.M. Leasing Services, Inc.*, 32 B.R. 199, 203 (Bkrptcy.S.D.N.Y. 1983). Thus, bankruptcy courts do not generally insist on the stringent standards required in a nonbankruptcy civil action. *Decker v. Massey–Ferguson, Ltd.*, 681 F.2d 111 (2nd Cir.1982). See, also, *In re McGuff*, 3 B.R. 66 (Bkrptcy.S.D.Ca.1980) and *In re Brown*, 444 F.2d 49, 50 (8th Cir.1971).

The Court does feel, however, that the Trustee should set forth any and all other facts he might have in addition to those now set out in the Complaint. This Court agrees with the bankruptcy court's finding in *O.P.M. Leasing, supra*, that "as an outsider to the transactions complained of, the Trustee may be impaired but he is not disabled." 32 B.R. at 203.

Accordingly, it is hereby

ORDERED that the Motion to Dismiss be and hereby is denied. It is further

ORDERED that Plaintiff be and hereby is granted 20 days from the date of entry of this Order to amend his Complaint to cure the deficiencies described above. It is further

ORDERED that the Defendant shall answer the Amended Complaint within twenty (20) days from the date the Amended Complaint is filed.

IT IS SO ORDERED.