**In re: GLOBAL LINK TELECOM CORPORATION, et al., Debtors.**

**Global Link Liquidating Trust, as successor in interest to Global Link Telecom Corporation, GTS Holding Corp., Inc., Teltime, Inc., Network Services System, Inc., Network Services System, L.P., Gts Marketing, Inc., Global Telecommunication Solutions, L.P., Networks Around the World, Inc., and Centerpiece Communications, Inc., Plaintiff**

**v.**

**Avantel, S.A., Defendant.**

**Bankruptcy No. 99–3923 (MFW). Adversary No. 01–07892.**

United States Bankruptcy Court, D. Delaware.

July 21, 2005.

Steven K. Kortanek, Esquire, Klehr, Harrison, Harvey, Branzberg & Ellers, LLP, Wilmington, DE, John Greco, Esquire, Betancourt, Van Hemmen, Greco & Kenyon, Red Bank, NJ, Counsel for Global Link Liquidating Trust.

Donna Culver, Esquire, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, Steven J. Reisman, Esquire, Curtis, Mallet–Prevost, Colt & Mosle LLP, New York, NY, Counsel for Avantel, S.A.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Motion of Defendant, Avantel, S.A. ("Avantel") to Dismiss the First Amended Adversary Complaint filed by Global Link Liquidating Trust

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

("the Trust"). The Motion is opposed by the Trust. For the reasons stated below, the Court will grant in part and deny in part the Motion.

## I. FACTUAL BACKGROUND

Global Link Telecom Corporation and certain of its affiliates ("the Debtors") were providers of pre-paid phone card services. On October 28, 1999, the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code. The Debtors continued their operations as debtors in possession until April 2000 when the business was sold. The Debtors' First Amended Plan of Reorganization ("the Plan") was confirmed on September 27, 2001.

Pursuant to the Plan, the right to pursue avoidance actions was transferred to the Trust. On October 29, 2001, the last day of the relevant limitations period, the Trust filed 25 avoidance actions, including this adversary proceeding. The complaints and summonses remained unserved for nearly a year. In early October 2002, the Trust filed a motion for an order to extend the service period. Several defendants objected. The Court overruled those objections and, exercising its discretionary authority under Rule 4(m) of the Federal Rules of Civil Procedure, granted the extension.

The Original Complaint in this adversary proceeding was served by mail on Avantel on November 8, 2002. That Complaint alleged Avantel had received fraudulent and preferential transfers in the amount of $1,038,120.01. Avantel filed a Motion to Dismiss the Original Complaint. Because the wording of the Original Complaint was ambiguous (it was unclear whether the preferential and fraudulent transfers were the same transactions), the Trust filed an Amended Complaint.[2] The Amended Complaint provides that the fraudulent transfer claims include the preference actions listed in the Original Complaint. The Amended Complaint further includes a list of additional alleged fraudulent transfers totaling $2,010,493.61.

On February 27, 2004, Avantel filed a Motion to Dismiss the Amended Complaint for failure to effect service within the 120 days required by Rules 4(m) and 12(b)(5), for failure to state a claim upon which relief can be granted under Rule 12(b)(6), for failure to allege fraud with particularity under Rule 9(b), and for failure to "relate back" to the Original Complaint under Rule 15(c). The Trust filed a response to that Motion on July 17, 2004. The matter has been fully briefed and is ripe for decision.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 & 157(b)(2)(A), (F) and (O).

## III. DISCUSSION

### A. Sufficiency of Service of Process

Avantel challenges service of the Trust's Original Complaint under Rules 4(m) and 12(b)(5) because it was not served within 120 days of filing. Avantel argues that the Original Complaint was not viable, and therefore, the claims in the Amended Complaint are time-barred and should be dismissed.

■ Avantel's argument must fail. As discussed above, the Trust filed a motion

---

**2.** Rule 15(a) of the Federal Rules of Civil Procedure allows a party to "amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a). Motions to dismiss are not considered responsive pleadings within this rule. See, e.g., Centifanti v. Nix, 865 F.2d 1422, 1431 n. 9 (3d Cir.1989); Pfeiffer v. Price, No. Civ. 04–296–SLR, 2004 WL 3119780, at *5 n. 7 (D.Del. Dec.27, 2004).

seeking an extension of time to serve its avoidance actions. A number of defendants objected to that motion; Avantel did not. After consideration of the arguments of the other defendants, the Court, in the exercise of its discretion under Rule 4(m), granted the extension. *In re Global Link Telecom Corp.*, No. 99–3923, 2002 WL 31385814, at *3 (Bankr.D.Del. Oct.22, 2002). Of the objecting defendants, only Lockheed Martin Global Telecommunications, Inc. ("Lockheed") made more than a bare assertion that it would suffer prejudice by the extension.[3] In overruling Lockheed's objection, the Court stated that it "may consider it in connection with a Motion to Dismiss the adversary." *Id.* Avantel argues that this language preserved its right to seek dismissal on prejudice grounds.

Avantel is incorrect. The quoted language preserved the right to seek dismissal for Lockheed. It did not preserve that issue for all defendants, particularly those who did not object to the requested extension of time to serve the complaints. The Court having granted the Trust an extension of time to serve Avantel, Avantel may not now seek dismissal for failure to serve the Complaint timely.

■ Avantel further argues, however, that it is not bound by our decision on the extension motion because it was not subject to the Court's jurisdiction at that time. This is incorrect. Avantel filed a proof of claim in the bankruptcy case on July 13, 2000, thereby subjecting itself to the jurisdiction of this Court. *See, e.g., S.G. Phillips Constructors, Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.)*, 45 F.3d 702, 704–08 (2d Cir.1995) (filing a proof of claim is a voluntary act of submission to the substantive jurisdiction

of the bankruptcy court). Further, Avantel did receive notice of the Trust's motion for extension of time to serve the complaints, as is evidenced by the certificate of service filed with respect to that motion. Consequently, Avantel is bound by the ruling on the extension motion and may not now collaterally attack it.

### B. *Dismissal under Rule 12(b)(6)*

#### 1. *Standard of Review*

Under Rule 12(b)(6), the movant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). During this threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds, *Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). The court must also accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir.2002).

#### 2. *Preferential Transfer Count*

■ Avantel seeks dismissal of Count I of the Amended Complaint to the extent that it seeks to avoid three alleged preference transfers under section 547(b) of the Bankruptcy Code. Avantel contends that, based on Exhibit A to the Amended Complaint, the following payments were made outside the 90–day period:

---

**3.** Lockheed asserted that the business which had received payment from the Debtors within the preference period had been sold, and thus, Lockheed did not have access to the records necessary to defend against the allegations in the complaint.

| Transfer Date | Amount | Method |
|---|---|---|
| 07/08/1999 | $300,000.00 | Wire transfer |
| 07/22/1999 | $ 10,545.71 | Wire transfer |
| 07/22/1999 | $211,691.23 | Wire transfer |
| Total | $522,236.94 | |

The bankruptcy filing date was October 28, 1999. Thus the 90–day transfer period runs from July 30, 1999.

The Trust contends that those transfers might, nonetheless, be preferential. It asserts that for purposes of section 547(b) the transfer date is the date that the bank actually honors the check or transfer instructions. *Barnhill v. Johnson*, 503 U.S. 393, 399, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992). Therefore, the Trust asserts that until it is known when the bank honored the transfer instructions, the Court cannot determine whether the transfers are preferential or not.

Although it is highly unlikely that the transfers did occur within the 90–day preference period, in considering a motion to dismiss under Rule 12(b)(6), the Court must accept all facts alleged and inferences from those facts in favor of the plaintiff. Therefore, the Court concludes that the Trust may be able to prove a set of facts that supports Count I of its Amended Complaint. Therefore, the Court concludes that dismissal of that Count is not mandated.

### 3. *Fraudulent Transfer Counts*

As discussed above, the Original Complaint listed payments of $1,038,120.01 that the Trust alleged were either preferential transfers or fraudulent conveyances. The Amended Complaint increases that amount by adding a separate list of additional allegedly fraudulent transfers totaling $2,010,493.61.

Avantel argues that because these new claims do not "relate back" to the Original Complaint, they cannot be included in the Amended Complaint and are barred by the statute of limitations.

■ To permit relation back, Rule 15 requires that the proposed amended claims arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R.Civ.P. 15(c)(2). The rationale of Rule 15(c) "focuses on the notice given by the general fact situation stated in the original pleading." *Peltz v. CTC Direct, Inc. (In re MBC Greenhouse, Co.)*, 307 B.R. 787, 790 (Bankr.D.Del.2004) (citations omitted). "Generally, an amended complaint will relate back if it merely adds a new legal ground for relief, changes the date and location of the transaction alleged, ... spells out the details of the transaction originally alleged, ... [or] merely increas[es] the *ad damnum* clause ...." *Coan v. O & G Indus., Inc. (In re Austin Driveway Servs., Inc.)*, 179 B.R. 390, 395 (Bankr.D.Conn.1995) (citations omitted). "None of those amendments affects the quality of the notice given by the general fact situation alleged in the original pleading." *Id.*

■ "However, when the amended pleading does not rely upon the facts and transactions originally pled or plead them more specifically, but rather is based on new facts and different transactions, the proposed amendment will not relate back to the original pleading." *Id.* The issue, at its most basic, is one of fairness to the defending party. "[T]o use the relation-back doctrine to bootstrap new transactions onto viable actions is an abuse of due process which cannot be allowed, even to maximize recovery to the estate." *Peltz*, 307 B.R. at 791 (citations omitted).

■ In this case, Count I of the Original Complaint states the Trust's preference claim and alleges:

7. During the 90–day period before the Petition Date, the Debtors made payments in the amount of $1,038,120.01 to the Transferee ("the Transfers") for or on account of antecedent debt(s) to the Transferee.

Count II of the Original Complaint states the Trust's fraudulent transfer claims and provides:

14. The Debtors reassert and reallege each and every allegation contained in paragraphs 1 through 13 hereof as if fully set forth herein.

15. Prior to the Petition Date, the Debtors made transfers to the Transferee (collectively, with the transfers listed above, referred to as the "Transfers").

These statements are capable of more than one construction. The word "transfer" is defined in both Counts I and II, and the definitions are different. The identification of the "Transfers" in paragraph 15 to include those listed above (that is, in paragraph 7) could mean that there are additional payments being alleged in Count II beyond the $1,038,120.01 listed in Count I. On the other hand, paragraph 15 could be read to mean that Count II spells out an alternative theory of recovery for the $1,038,120.01 alleged in Count I.

Under Rule 12(b)(6) the Court must construe any ambiguities in favor of the plaintiff. Thus, the Court concludes that paragraph 15 refers to additional fraudulent transfers and not simply the $1,038,120.01 in transfers referenced in Count I. Those additional transfers were clarified by the Amended Complaint which specifically identified them on Exhibit B. Therefore, the additional transfers do relate back to the Original Complaint and are not time-barred. Dismissal is not warranted.

### C. *Dismissal under Rule 9(b)*

In Counts II and V of the Amended Complaint, the Trust seeks recovery of alleged constructively fraudulent conveyances under section 548(a)(1)(B) and applicable state law.[4] Avantel seeks dismissal of these causes of action under Rule 9(b) for failure to plead fraud with particularity.

■■■ Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R.Civ.P. 9(b). "Despite the similarity in the terms 'fraud' and 'fraudulent conveyance,' the pleading requirements for fraud are not necessarily applicable to pleadings alleging a fraudulent conveyance." *China Res. Prods. (U.S.A.) Ltd. v. Fayda Int'l, Inc.*, 788 F.Supp. 815, 818 (D.Del.1992). "[G]reater liberality should be afforded in the pleading of fraud in a bankruptcy case." *Hassett v. Zimmerman (In re O.P.M. Leasing Servs., Inc.)*, 32 B.R. 199, 203 (Bankr.S.D.N.Y.1983). *See also Scharffenberger v. Philadelphia Health Care Trust (In re Allegheny Health, Educ., and Research Found.)*, 253 B.R. 157, 162 n. 2 (Bankr.W.D.Pa.2000).

■■■ There are two relevant policy reasons for this liberality. First, it is "required because it is often the Trustee, a third party outsider to the fraudulent transaction, that must plead fraud on secondhand knowledge for the benefit of the estate and all of its creditors." *Zimmerman*, 32 B.R. at 203.

---

4. Counts III and IV of the Amended Complaint simply seek recovery of the property after the transfers are avoided; they are not claims for fraud but rather are statutory means to recover any avoided fraudulent conveyances. Thus they do not come within the ambit of Rule 9, though their survival depends on the survival of the underlying fraudulent conveyance claims.

Second, a claim of constructive fraud "need not allege the common variety of deceit, misrepresentation or fraud in the inducement .... [T]his is because the transaction is presumptively fraudulent and all that need be alleged is that the conveyance was made without fair consideration" while the debtor was functionally insolvent. *Hassett v. Weissman (In re O.P.M. Leasing Servs., Inc.)*, 35 B.R. 854, 862–63 (Bankr.S.D.N.Y.1983).

▪ However, even under the more liberal pleading requirements applicable in this case, the Amended Complaint still fails to meet its burden. Count II of the Amended Complaint simply alleges the statutory elements of a constructive fraud action under section 548(a)(1)(B): During the year prior to the petition date the Debtors made transfers to Avantel for less than reasonably equivalent value, while the Debtors were insolvent or became insolvent, or were engaged in or were about to engage in a business or transaction with unreasonably small capital, or intended to occur or believed they would incur debts beyond their ability to pay. The only facts offered by the Trust are two lists of transfers made to Avantel. The Trust presents no information on the Debtors' financial status or the value of what was received in exchange. Furthermore, Count V of the Amended Complaint attempts to allege a state law fraudulent conveyance action without identifying the applicable state law, the legal standard, or any relevant facts.

▪ The appropriate pleading standard was stated in *Zimmerman*: "[t]he rules do require ... that the complaint set forth the facts with sufficient particularity to apprise the defendant fairly of the charges made against him ... so that the defendant can prepare an adequate answer to the allegations." *Zimmerman*, 32 B.R. at 203 (citations omitted). "Fair notice requires something more than a quotation from the statute ...." *Id.* at 204 (citations omitted). Although the Trust pled facts to support its contentions in part, it must do so in whole. Dismissal for failure to plead with the requisite specificity is mandated.

▪ The Trust has requested that, if the facts pled are not adequate, it be permitted to amend its Complaint again. Where courts dismiss complaints for failure to comply with Rule 8, leave to amend is usually granted. Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). *See also Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.)*, 288 B.R. 189, 192 (Bankr.D.Del.2003). "A denial of leave to amend is justified if there is undue delay, bad faith, a dilatory motive, prejudice or futility." *Id.* at 193. The Trust's actions were not motivated by bad faith or an intent to delay. Nor has Avantel established that it will be prejudiced or that an amendment would be futile. Therefore, the Court will grant the Trust's request for leave to amend.

## IV. CONCLUSION

For the reasons stated above, Avantel's Motion to Dismiss must be denied in part and granted in part. The Motion to Dismiss the fraudulent transfer claims of Counts II and V, will be granted, subject to the right of the Trust to amend the Amended Complaint within 30 days. The Motion to Dismiss is denied in all other respects.

An appropriate Order is attached.

### ORDER

AND NOW, this 21st day of JULY, 2005, upon consideration of Avantel's Motion to Dismiss the Amended Complaint filed by the Global Link Liquidating Trust and the Response thereto, it is

**ORDERED** that the Motion is **GRANT-ED** as to Counts II and V, subject to the right of the Trust to amend the Amended Complaint within 30 days; and it is further

**ORDERED** that the Motion is **DE-NIED** in all other respects.