In re Stephen GROSSMAN, Debtor.

GELROD, FOX & COMPANY, Plaintiff,

v.

Stephen GROSSMAN and Leo Doyle, Interim Trustee, Defendants.

Bankruptcy No. 84–00877G.

Adv. No. 84–0867G.

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 1, 1985.

Arthur E. Dennis, Philadelphia, Pa., for plaintiff Gelrod, Fox & Co.

Carl Weiss, Parker, Bluestein, Rutstein & Mirarchi, P.C., Philadelphia, Pa., for defendant Stephen Grossman.

Michael H. Kaliner, Philadelphia, Pa., for Leo F. Doyle, trustee/defendant.

Leo F. Doyle, Philadelphia, Pa., trustee/defendant.

## OPINION

EMIL F. GOLDHABER, Chief Judge.

The issue presented for decision is whether we should have granted a debtor's motion to dismiss a creditor's complaint for an exception to discharge or an objection to discharge due to the creditor's failure to specify fraud with particularity. For the reasons outlined below we conclude that we properly granted the motion.

We summarize the facts of this case as follows:[1] The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code") on March 16, 1984. A creditor, Gelrod, Fox & Company ("Gelrod"), thereafter filed the complaint at issue against the debtor in which it sought an objection to the debtor's discharge or, in the alternative, an exception to his discharge. Due to its brevity we have reproduced the entire text of the complaint below in a footnote.[2] The sole operative statement in that document is that: "4. It

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2.

COMPLAINT OF GELROD, FOX & COMPANY TO EXCEPT DEBT FROM DISCHARGE UNDER SECTION 523 AND OBJECTING TO DEBTOR'S DISCHARGE UNDER § 727

Gelrod, Fox & Company, by its attorney, Arthur E. Dennis, Esquire, requests, pursuant to Section 523(c) of the Bankruptcy Code, that

the debt owed to it by the above-named debtor be excepted from discharge under the provisions of Section 523(a) of the Bankruptcy Code or, in the alternative, that the above-named debtor be denied a discharge under the provisions of Section 727(a) of the Bankruptcy Code, for the following reasons:

1. Gelrod, Fox & Company is a creditor of the debtor and a party in interest to these proceedings, as more fully set forth in its duly filed Proof of Claim, a true and correct copy of which is attached hereto and incorporated by reference.

**320**

is the belief of the plaintiff herein that the debtor has committed acts of fraud." This case, predicated on the inadequate pleading, never should have come to trial on its merits. The debtor's counsel should have moved for dismissal on the basis of the plaintiff's defective pleading. But come to trial it did and, at the trial, the debtor objected to the introduction of all of the creditor's testimony and evidence and moved for dismissal of the complaint on the basis that it was fatally insufficient. We granted the motion. Not satisfied with the wisdom or judiciousness of our oral decision, Gelrod's counsel requested a written decision. Although not required to so accommodate counsel, we have acceded.

As we stated above, Gelrod predicated the relief requested in its complaint on an action in fraud.[3] Fed.R.Civ.P. 9(b), which is incorporated in this action through Bankruptcy Rule 7009, states in part, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." We hold that a complaint averring only that "debtor has committed acts of fraud," fails to express the supporting circumstances with particularity, and thus runs afoul of Rule 9(b). For such a glaring defect, dismissal is the proper sanction, and consequently, our decision from the bench—not surprisingly—was correct.

Out of a sense of beneficence, we will deem counsel's request for a written decision a motion for reconsideration. This will allow the appeal period to run from the entry of the order appended to this opinion, rather than the entry of our bench decision. Fed.R.Civ.P. 59; Bankruptcy Rules 8002 and 9023.

2. Defendant, Leo Doyle, is the Interim Trustee in these proceedings.

3. A 341(a) hearing was held in this matter on June 20, 1984.

4. It is the belief of the plaintiff herein that the debtor has committed acts of fraud. WHEREFORE, Gelrod, Fox & Company prays that this Court enter an Order denying debtor's discharge under the provisions of Section 727(a) of the Bankruptcy Code, and

excepting the debt owed to it by the above-named defendant-debtor from discharge under Section 523(a) of the Bankruptcy Code.

/s/ Arthur E. Dennis
ARTHUR E. DENNIS
Attorney for Gelrod, Fox & Co.
Gelrod's complaint.

3. 11 U.S.C. §§ 523(a)(2)(A) and 727(a).