**In re Charles M. YANCEY, Debtor.**

**Barbara M. DURHAM, Plaintiff,**

**v.**

**Charles M. YANCEY, Defendant.**

**Bankruptcy No. 83–03294G.**
**Adv. No. 84–1446G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 20, 1985.

Robert B. Durham Jr., High, Swartz, Roberts & Seidel, Norristown, Pa., for plaintiff Barbara M. Durham.

Charles C. Coyne, Coyne & Perry, Philadelphia, Pa., for debtor/defendant Charles M. Yancey.

## OPINION

EMIL F. GOLDHABER, Chief Bankruptcy Judge:

The issue before us is whether we should grant the debtor's motion to dismiss a creditor's complaint which requests that we set aside a transfer of property of the estate that was made to the debtor, that we grant an exception to discharge under 11 U.S.C. § 523(a)(2) or (a)(6) of the Bankruptcy Code ("the Code") and that we revoke the discharge. For the reasons stated herein we will grant the motion to dismiss the complaint.

The facts of this case are as follows:[1] The plaintiff, one Barbara M. Durham ("Durham"), was injured in 1981 while she was riding as a passenger on a motorcycle operated by the debtor. The following year Durham instituted an action in trespass against the debtor in state court which culminated in the entry in 1983 of an $9,313.75 arbitration award. One month later, on August 8, 1983, the debtor filed a petition for relief under chapter 7 of the Code. The only debt listed in the petition was that owed to Durham. The schedules also indicated that the debtor was claiming a $6,700.00 exemption in the "Charles M. Yancey Trust." An order of discharge was entered on November 1, 1983, and the case was closed on March 3, 1984. Durham "petitioned"[2] us to reopen the case for the purpose of filing the instant complaint, which relief we granted on July 18, 1984.

■ In November of 1984, Durham filed the complaint before us which is something less than the Blackstonian ideal. In fact, Durham requests relief against the trustee in utter disregard of his absence from this action. In the complaint Durham asserts six counts for relief, the first of which requests an exception to discharge under § 523(a)(2)[3] on the allegation that the debtor received funds from the trust within 180 days after the filing of the petition which funds were property of the estate under 11 U.S.C. § 541(a)(5).[4] In the second count Durham requests an exception to discharge under § 523(a)(6) on the contention that the motorcycle injury was caused by the debtor's wilful and malicious actions. Accord-

---

1. In adjudicating a motion to dismiss a complaint for failure to state a cause of action upon which relief can be granted, we must view the facts in the manner most favorable to the plaintiff. We can grant such a motion only if it appears certain that the plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim. *Hishon v. King & Spalding*, —— U.S. ——, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 2A *Moore's Federal Practice* 12.08 (2d ed. 1982).

2. A motion, rather than a petition, appears to be the proper vehicle for reopening a case. Bankruptcy Rule 5010.

3. § 523. Exceptions to discharge
   (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
   (1) * * *
   (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—
   (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or
   (B) use of a statement in writing—
   (i) that is materially false;
   (ii) respecting the debtor's or an insider's financial condition;
   (iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and
   (iv) that the debtor caused to be made or published with intent to receive [deceive?];

(3) * * *
(4) * * *
(5) * * *
(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

   *   *   *   *   *   *

11 U.S.C. § 523(a). The wording of § 523(a)(2) has been changed slightly by the passage of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, § 454, July 10, 1984, but the amendment is without effect in this action since the petition was filed prior to the effective date of the amendment. See, Pub.L. No. 98–353, § 553(a) (effective date of the amendment). Thus, we have reproduced § 523(a) as it stood prior to the passage of the amendment.

4. 541. Property of the estate
   (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

   *   *   *   *   *   *

   (5) An interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
   (A) by bequest, devise, or inheritance;
   (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
   (C) as a beneficiary of a life insurance policy or of a death benefit plan.

   *   *   *   *   *   *

11 U.S.C. § 541(a).

ing to § 523(c),[5] actions under § 523(a)(2), (a)(4) and (a)(6) must be commenced by the creditor to whom the debt is owed or otherwise the debt will be discharged. Bankruptcy Rule 4007(c) [6] states, crystal-clearly, that such an action must be commenced no later than sixty days after the first date set for the first meeting of creditors. Since this period obviously expired prior to Durham's filing of the complaint, we will dismiss these counts of the complaint which are predicated on § 523(a).

■ In the third count of her complaint Durham uses a broad brush by urging us to "set aside the entire bankruptcy proceeding" for the debtor's failure to disclose his access to the trust property and requests us to enter judgment against the trustee of the res. By the term "set[ting] aside the entire bankruptcy proceeding" we must assume that Durham is requesting us to dismiss under 11 U.S.C. § 707 [7] of the Code. But, under that provision dismissal is available only because of unreasonable delay or the nonpayment of certain fees and charges. Neither, of course, is applicable here. As to the second basis for relief requested in the third count, i.e., judgment against the trustee of the res, we cannot enter judgment against the trustee on any basis for the obvious reason that the trustee is not named as a party to this action. Thus we will dismiss the third count of Durham's complaint.

■ In the fourth count, Durham requests an order directing the debtor to pay any money he received post-petition from the trust to her (Durham) on the theory that the money was property of the estate to which money the debtor was not entitled. We must likewise dismiss this count of the complaint since the trustee in bankruptcy, as representative of the estate, would be the proper party to commence an action to recover such funds as well as the proper party to accept receipt of those misdirected funds.

The fifth count of the complaint is duplicative of the fourth count, while the sixth count is redundant of the first and second. Consequently, we will dismiss the fifth and sixth counts of the complaint.

---

5. (c) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.
11 U.S.C. § 523(c). As with § 523(a), this provision was modified, to a minor extent, by the Bankruptcy Amendments and Federal Judgeship Act of 1984. The amendment to § 523(c) is not effective as to this case and so we have reproduced this provision as it was extant prior to the passage of the amendments.

6. (c) TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 7 LIQUIDATION AND CHAPTER 11 REORGANIZATION CASES; NOTICE OF TIME FIXED. A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.
Bankruptcy Rule 4007(c).

7. 707. Dismissal
The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
(1) unreasonable delay by the debtor that is prejudicial to creditors; and
(2) nonpayment of any fees and charges required under chapter 123 of title 28.
11 U.S.C. § 707. Nonsubstantive amendments were made to § 707(a) by the Bankruptcy Amendments and Federal Judgeship Act of 1984 which are not reflected above. Although not effective as to this case, the amendment also added § 707(b) to the Code:
(b) After notice and a hearing, the court, on its own motion and not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

■ Lastly, in the preamble to the first count of the complaint Durham "seeks to revoke a discharge pursuant to Rule 701(4)[8]" on the basis of fraud.[9] Under Fed.R.Civ.P. 9(b), which is incorporated here by Bankruptcy Rule 7009, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Gelrod, Fox & Co. v. Grossman (In Re Grossman)*, 46 B.R. 319 (Bankr.E.D.Pa.1985). The cause of action to revoke the discharge in the case before us is predicated on fraud but Durham has failed to allege with particularity the so-called fraudulent basis by which the discharge was obtained. Consequently, this portion of the complaint is without merit.

Since we conclude that in her complaint Durham has asserted no basis on which relief can be afforded, we will grant the debtor's motion to dismiss the complaint.

Rule 701

SCOPE OF RULES OF PART VII

The rules of this Part VII govern any proceeding instituted by a party before a bankruptcy judge to (1) recover money or property other than a proceeding under Rule 220 or Rule 604, (2) determine the validity, priority, or extent of a lien or other interest in property, (3) sell property free of a lien or other interest for which the holder can be compelled to take a money satisfaction, (4) *object to or revoke a discharge,* (5) obtain an injunction, (6) obtain relief from a stay as provided in Rule 401 or 601, or (7) determine the dischargeability of a debt. Such a proceeding shall be known as an adversary proceeding. Bankruptcy Rule 701 (emphasis added). Although this rule has been superseded by Bankruptcy Rule 7001, the reference to Rule 701(4) evinces Durham's intent to revoke the discharge.

9. (d) On request of the trustee or a creditor, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of, or entitlement to, such property, or to deliver or surrender such property to the trustee; or

(3) the debtor committed an act specified in subsection (a)(6) of this section.

(e) The trustee or a creditor may request a revocation of a discharge—

(1) under subsection (d)(1) of this section, within one year after such discharge was granted; or

(2) under subsection (d)(2) or (d)(3) of this section, before the later of—

(A) one year after the granting of such discharge; and

(B) the date the case is closed.

11 U.S.C. § 727(d) and (e). The Bankruptcy Amendments of 1984 effected a minor, technical change to § 727(e) which is not reflected here, since it is not effective as to this case.