In re REACH McCLINTON & CO.,
INC. and L. Andrew Bernheim,
Debtors.

Jack BIRNBERG, as Trustee for Reach,
McClinton & Co., Inc. and Santo J.
Lalomia, as Trustee for L. Andrew
Bernheim, Plaintiffs,

v.

RANCHO LA COSTA, INC., La Costa Hotel & Spa, Harold F. Tebbets, Martha L.
Moor, Una A. Clark, Mervyn Adelson,
J.A. Donnelley, Burton L. Kramer, Moe
B. Dalitz, Allard Roen, Benjamin Alpert, Irwin Molasky, Equitable Life Assurance Society, International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America, William Randal, La Costa Products International, Inc., Lorimar, Inc., La Costa
Land Co., Daon Corporation, John Doe
1–10, XYZ Corporations 1–10, Defendants.

Bankruptcy Nos. 83–03818, 82–06931.
Adv. No. 85–0457TG.

United States Bankruptcy Court,
D. New Jersey.

July 22, 1986.

Ravin, Sarasohn, Cook, Baumgarten, Fisch & Baime, Roseland, N.J. by Robert A. Baime, for trustees.

Buchalter, Nemer, Fields, Crystie & Younger, Los Angeles, Cal. by John A. Dito, and Lum, Hoens, Abeles, Conant & Danzis, Newark, N.J. by Kent Borges, local and co-counsel, for Rancho La Costa, Inc., La Costa Hotel & Spa, Una Clark, Mervyn Adelson, Burton L. Kramer, Moe B. Dalitz, Allard Roen, Benjamin Alpert, Irwin Mola-sky, Intern. Broth. of Teamsters, Chauffers Warehousemen and Helpers of America, William Randal, La Costa Products Intern., Inc., Lorimar, Inc., La Costa Land Co., and Daon Corp.

Lamb, Hartung, Gallipoli & Coughlin, Jersey City, N.J. by Antonio D. Favetta, for Equitable Life Assur. Soc.

## OPINION

WILLIAM H. GINDIN, Bankruptcy Judge.

■ This matter comes before the Court on three motions brought by the Defendants prior to the filing of an answer. The first motion is for the admission *pro hac vice* of a number of members of the firm of Buchalter, Nemer, Fields, Chrystie & Younger of California. They are John Allen Dito, Esq.; William Sehon Rose, Jr., Esq.; Kenneth Hung Quon Dang, Esq., and Michelle Gorganne Wein, Esq. All of the above named are members in good standing of the California Bar and have complied with Local Rule 1 of the Local Bankruptcy Rules for the District of New Jersey. Plaintiffs filed a written objection to the admission based upon the grounds that a California firm should not be permitted to practice in New Jersey.

It appears that the named individuals are members of the same California firm but do not constitute the entire firm. In view of the magnitude of the case and the fact that it involves significant travel by attorneys, it is clear that multiple admissions, provided they comply with the local rules, are appropriate. Plaintiffs did not press the objections at oral argument and on that date, June 12, 1986, the admissions were permitted.

■ The second motion brought by Defendants was for a change of venue to California. After oral argument and consideration of the papers submitted by counsel, the Court determined that all Plaintiffs were located in New Jersey. The Defendants were, in fact, in several different states, and no clear cut case for a change in venue was made out. It was agreed that

the original corporate Defendant, Rancho La Costa, Inc., was a corporation of the State of Nevada. Although it had its primary assets and corporate headquarters in California, and the successor business is in California, there are Defendants in New York and New Jersey as well as in California and Nevada. While it is true that the bulk of the transactions took place in California and the majority of the Defendants are residents of California, the nature of the case is such that no particular convenience or inconvenience will accrue to any party by a transfer of venue. The Court determined at the hearing that the Motion for the transfer of venue should therefore be denied.

■ The third motion is directed to the Complaint itself. The Defendants seek a dismissal of the Complaint for failure to state a cause of action based upon two underlying grounds. The first ground for dismissal is that the cause of action is barred by a statute of limitations, no matter which statute of limitations is applied. The Nevada statute of limitations would place a three year limit on fraud actions. The California statute provides that an action for relief on the grounds of fraud must be brought within two years. *See* Nev. Rev.Stat. § 11.190; Cal.Civ.Proc.Code § 338(4). The Complaint appears to allege misconduct which occurred in 1978. The New Jersey statute of limitations for fraud actions, even if it were applicable would bar such actions 6 years after their discovery. N.J.S.A. 2A:14–1 *et seq.*

In each of the statutes however, the limitations run from the date that the fraud was discovered. The affidavits of the Plaintiff make it clear the discovery was not made until after the petition in this Court was filed (1982). Thus, under any determination, the application by the Defendants to dismiss the Complaint for violation of Bankruptcy Rule 7012(b) which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure, is at the very least, premature. The Defendant cannot argue in such a motion that the statute of limitations has expired when there is no way of knowing, absent appropriate discovery, when in fact the statute of limitations begin to run. *Bethel v. Jendoco Construction Corp.,* 570 F.2d 1168, 1174 (3rd Cir.1978).

The Motion to Dismiss pursuant to Fed. R.Civ.P. 12(b) is denied.

Of more significance is the application by the Defendants to dismiss the Complaint for failure to plead the elements of fraud with particularity. Bankruptcy Rule 7009 incorporates by reference the provisions of Federal Rules of Civil Procedure 9(b). This rule provides:

### Rule 9. PLEADING SPECIAL MATTERS

.    .    .    .    .

**(b) FRAUD, MISTAKE, CONDITION OF THE MIND.** In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

It is clear from the complaint as filed that the underlying allegations are those of fraud, and come within the ambit of Fed.R. Civ.P. 9(b).

In any analysis of Rule 9(b) it is necessary to examine the history and purpose of the rule itself.[1] The reasons range from safeguarding "potential defendants from lightly made claims charging commission of acts that involve some degree of moral turpitude", suits started "only for their nuisance or settlement value", "attempts to reopen completed transactions", and, finally, that "actions or defenses based upon fraud are disfavored". 5 *Wright & Miller,* § 1296 at p. 399–40.

The general view requiring such careful pleading finds its origin in the English Judicature Act, Order 19, Rule 6, The Annual

---

**1.** For a full discussion of the history and purpose *see generally* 5 *Wright & Miller, Federal* *Practice and Procedure:* Civil § 1296 *et seq* (hereinafter refer to as *Wright & Miller* ).

Practice 1937[2] and has a long history in the United States. *Stearns v. Page,* 48 U.S. (7 How.) 819, 12 L.Ed. 928 (1849). There, the Court, through Justice Grier, made it clear that the complainant had to be specific.

> A complainant, seeking the aid of a court of chancery under such circumstances, must state in his bill distinctly the particular act of fraud, misrepresentation, or concealment,—must specify how, when, and in what manner, it was perpetrated. The charges must be definite and reasonably certain, capable of proof, and clearly proved.

48 U.S. (7 How) at 829, 12 L.Ed. at 933.

Such a view finds support in the Bankruptcy situation. *In re Grossman,* 46 B.R. 319 (Bkrtcy.E.D.Pa.1985). In that case, Judge Goldhaber dismissed an action the gravamen of which was "the belief of the plaintiff herein that the debtor has committed acts of fraud" 46 B.R. 319, 320 (footnote 2). Were the Court to stop in its analysis of the *Grossman* case at that point, it is clear that Rule 9(b) must be enforced rigidly. While only the subject of a footnote, an examination of the entire complaint together with the brief factual summary contained in the opinion limits its applicability severely. That case was one wherein a plaintiff sought to except its debt from discharge under section 523(a) of the Bankruptcy Code or the denial of a discharge under section 727(a) of the Code. The plaintiff was a creditor who had engaged in business transactions with the debtor.

The defendants herein also rely upon *In re O.P.M. Leasing Services, Inc.,* 32 B.R. 199 (Bkrtcy.S.D.N.Y.1983), wherein Judge Liflin stated that the allegations of fraud were so vague that an answer could not be framed. The case involved a trustee's action to set aside allegedly fraudulent conveyances. Judge Liflin found that there was no allegation of facts which could be answered. Lest there be any doubt concerning his meaning, he discussed the case again in another decision, *In re O.P.M.*

*Leasing Services, Inc.,* 35 B.R. 854, 861 (Bkrtcy.S.D.N.Y.1983). There he indicated that the test was whether or not the defendants could frame a responsive pleading. 35 B.R. 861. In a similar matter where the dischargeability of a claim was an issue the Court in *In re Sriberg,* 49 B.R. 80 (Bkrtcy.D.Mass.1984) determined that the plaintiff should file an amended complaint stating the circumstance for the fraud with particularity. Motions to strike the Court held "are not favored and are infrequently granted" 49 B.R. 81. In *In re Yancey,* 46 B.R. 621 (Bkrtcy.E.D.Pa.1985) Judge Goldhaber again relied on Rule 9(b) in dismissing an action to revoke the discharge of a debtor which was in fact brought by a creditor claiming fraud.

The analysis necessary to a determination of the instant case, however, rests on different grounds. Initially it must be observed that the plaintiffs in this adversary action are trustees duly appointed and qualified under the Bankruptcy Code. Such trustees are bound by the constraints of Rule 11 (requiring good faith by any pleader) as well as the very nature of their fiduciary positions. The motives underlying Rule 9(b) cannot fall lightly upon trustees. Furthermore, trustees are at a relative disadvantage and the Courts have recognized that a trustee works under a greater disability. In the very case cited by defendants, *In re O.P.M. Leasing Services, Inc.,* 32 B.R. 199 (Bkrtcy.S.D.N.Y.1983), Judge Liflin stated:

> This Court agrees with plaintiff in the case at bar that greater liberality should be afforded in the pleading of fraud in a bankruptcy case. As mentioned earlier, this liberality is required because it is often the Trustee, a third party outsider to the fraudulent transaction, that must plead fraud on second-hand knowledge for the benefit of the estate and all of its creditors.

32 B.R. 203.

It was for this reason that Judge Liflin set up the standard of whether or not a

**2.** *See* 5 *Wright & Miller, Federal Practice & Procedure:* Civil § 1296 at p. 399, footnote 47.

reply could be fashioned from the allegations of the complaint. Thus the courts have on many occasions permitted amendments where one in a better position to know the facts might be required to plead with more specificity. *In re O.P.M. Leasing Services, Inc.,* 35 B.R. 854.

The general rule that the pleading of facts sufficient to provide notice as required by Rule 8 of the Federal Rules takes precedence in Bankruptcy and the rules of pleading fraud are applied with more emphasis on Rule 8 than Rule 9 has been recognized. *In re Germain,* 144 F.Supp. 678 (S.D.Cal.1956). There Judge Yankwich stated:

> Great liberality obtains in pleading fraud in bankruptcy. The courts do not insist that there be conformance to the rigid demands of pleading fraud in civil actions charging it.

144 F.Supp. 683.

Cases holding the contrary can be distinguished by the availability of the necessary records to the trustees. *Mooney v. Vitolo,* 435 F.2d 838 (2d Cir.1970). Where information is available to the trustee, the court will impose a greater burden on the fiduciary to "do his homework". Furthermore, *Wright & Miller,* also recognizes this distinction in their treatise:

> When the pleader is asserting that third persons have been defrauded, he may be unable to detail the claim and less particularity should be required. Thus, simple allegations should suffice for claims of fraud in an informer's action or a derivative [action] and primary reliance should be placed on the discovery process for uncovering factual details.

5 *Wright & Miller,* § 1298 at 413.

▮ Thus we come to the ultimate question in the instant case. Are the allegations sufficient to allow the defendant to frame a responsive pleading? The first count sets forth the facts underlying the entire complaint. It is clear therein that the plaintiffs allege that the debtor or the debtor's predecessor in interest had certain preemptive rights to the issuance of additional stock in the corporate defendant and furthermore allege that specific transactions including the transfer of the corporate defendants interest to a partnership entity violated the debtors' or debtors' predecessors rights. Clearly the defendants know from reading the first count that the claim arises out of preemptive rights.

Counts 2 through 8 deal with consequences of the actions in the first count as to various groups of defendants depending on whether or not such defendants are officers, directors, partners or bear other relationships to the various corporate and business entities. These allegations include the fact that the failure to recognize such preemptive rights was a breach of fiduciary duty, the result of mismanagement, a conspiracy and/or the misrepresentation of material facts. The 9th count essentially says that at the very least there was a diversion of corporate funds. The 10th count alleges self dealing. The defendants here are at no disadvantage. They can tell generally what the claim is and they must acknowledge that the issue of whether or not the plaintiff or their predecessors in interest had any preemptive rights in the stock of the corporate defendant and if the failure to exercise such preemptive rights was as a result of actions by the defendants are facts particularly within the knowledge of the defendants. Such facts can be found only in the corporate and business records of the defendants.

▮ The defendants have sufficient information from which they can formulate a responsive pleading. Where a plaintiff is suing in a representative capacity, no access or limited access to facts particularly within the knowledge of the defendants require that the plaintiff be permitted discovery. The protection against abuse exists by the very nature of the plaintiffs capacity and position. Thus, any balance which is struck between Bankr.R. 7009 and Bankr.R. 7008 must be weighed strongly in favor of liberality in pleading and in elimination of the formalism required by the former considerations of Code pleading.

*See Trussel v. United Underwriters Ltd.*, 228 F.Supp. 757, 774 (D.Colo.1964). The pleading in this case sets forth notice of the circumstances surrounding the alleged transaction and are sufficient to satisfy the requirements of Bankr.R. 7008.

Finally, the Court recognizes the desire of any defendant in a situation as the one here presented: to come before the Court at the earliest possible moment on order to seek the dismissal of a complaint which it feels is inappropriate. The determination here does not leave the defendant without a remedy but serves to emphasize the distinction between a motion to dismiss a complaint and a motion for summary judgment made after the plaintiffs have had an opportunity to utilize their right to discovery. A motion to dismiss a complaint without even being required to answer is an exceedingly harsh remedy and must be exercised only with extreme caution. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 444 (3rd Cir.1977) *cert. den.* 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978). In a recent case, *Melikian v. Corradetti*, 791 F.2d 274 (3rd Cir.1986). The Court stated the standard to be a finding "that it is beyond doubt that the plaintiffs can prove no facts in support of their claims that would entitle them to relief", 791 F.2d at 277. On the other hand if, after discovery, there is still no genuine issue of material fact in dispute appropriate relief may be obtained through the use of Bankr.R. 7056 for summary judgment. *Goodman v. Mead-Johnson & Co.*, 534 F.2d 566 (3rd Cir.1976) *cert. den.* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

Based upon the foregoing the motion to dismiss is DENIED.

Plaintiff is directed to submit an order within 10 days of the date hereof.